UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEGAN DANIEL,

    Plaintiff,

v.                                          CASE NO: 8:07-cv-2359-T-23TGW

PIZZA ZONE ITALIAN GRILL & SPORTS
BAR, INC., et al.,

    Defendants.
_____/

## ORDER

The plaintiff sues the defendants Pizza Zone Italian Grill & Sports Bar, Inc., ("Pizza Zone"), Atila Demirhan, Tanya S. Demirhan, and Murat Demirhan alleging (a) violations of the overtime compensation and minimum wage provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and (b) breach of an oral employment agreement.  The defendants move (Doc. 10) to dismiss the complaint for lack of subject matter jurisdiction on the grounds that (1) neither Pizza Zone nor the individual defendants are "employers" within the meaning of 29 U.S.C. § 203(d); (2) Pizza Zone is a small restaurant engaged exclusively in intra-state commerce and therefore not an "enterprise engaged in commerce or in the production of goods for commerce"; and (3) during the relevant times the plaintiff was neither an "employee" within the meaning of 29 U.S.C. § 203(e) nor "an employee engaged in commerce or in the production of goods for commerce."

The complaint, which pleads colorable claims under the FLSA, properly invokes federal subject matter jurisdiction under 28 U.S.C. § 1331.[1] See Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.") (citing Bell v. Hood, 327 U.S. 678, 681-685 (1946)).[2] However, if construed as a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure,[3] the complaint is deficient even under the liberal notice pleading standard of the Federal Rules. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

The complaint adequately alleges (Doc. 1 ¶ 6, 7) an employment relationship between the plaintiff and the defendants. Additionally, the complaint alleges that the defendants violated 29 U.S.C. § 206 of the FLSA by failing to pay the plaintiff the

---

[1] See also 29 U.S.C. § 1337 (providing that, with exceptions not relevant here, "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."); Brown v. Masonry Prods., Inc., 874 F.2d 1476, 1478 (11th Cir. 1989) (concluding that 28 U.S.C. § 1337 provides original jurisdiction over claims arising under the FLSA's civil remedy provision).

[2] The defendants argue that the plaintiff cannot recover under the FLSA because neither the plaintiff nor any defendant is covered by the FLSA. However, the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) (applying Arbaugh to hold that whether employer is an enterprise engaged in commerce or the production of goods for commerce within the meaning 29 U.S.C. § 203(s)(1)(A) is not jurisdictional); Hopkins v. Cornerstone America, 512 F. Supp. 2d 672, 681 (N.D. Tex. 2007) (applying Arbaugh to hold that whether the plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) "does not affect federal-court subject-matter jurisdiction but, instead, 'delineates a substantive ingredient' of Plaintiffs' FLSA claims for relief."); Velez v. Vassallo, 203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002) (contention that employer is not a covered enterprise within the meaning of 29 U.S.C. § 203(s)(1)(A) "goes to the merits of the claims against it and not to the jurisdiction of the court"); Rivera v. Heights Landscaping, Inc., No. 03C6428, 2004 WL 434214, at *1 (N.D. Ill. Mar. 5, 2004) ("Whether plaintiffs fall within the protection of the FLSA is an issue regarding the merits of their claims, not the court's jurisdiction.").

[3] See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1258 (11th Cir. 1997) (stating that a jurisdictional challenge under Rule 12(b)(1) that also challenges an element of the plaintiff's substantive claim should be treated as a direct attack on the merits of the claim and dealt with under Rule 12(b)(6) or Rule 56).

minimum statutory wage for each hour worked (Doc. 1 ¶ 11, 15) and violated 29 U.S.C. § 207 by failing to pay the plaintiff one and one-half times her regular rate of pay for each hour the plaintiff worked in excess of forty per week (Doc. 1 ¶ 9-10, 14).  However, the FLSA protects an employee only if the employee (1) is "engaged in commerce[4] or in the production of goods for commerce" (individual coverage) or (2) is "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage).  See 29 U.S.C. §§ 206(a), 207(a)(1).  In other words, individual coverage or enterprise coverage is an essential element of a claim under Section 206(a) or Section 207(a)(1).[5]

The complaint does not allege individual coverage.  Because enterprise coverage embraces virtually every business whose annual gross volume of sales or business is $500,000 or more,[6] "the most salient element of an 'enterprise' allegation will be the

---

[4] The term commerce refers to interstate or foreign commerce.  See 29 U.S.C. § 203(b) ("'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.").

[5] See Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1265-1266 (11th Cir. 2006); Chao v. A-One Medical Servs, Inc., 346 F.3d 908, 914 (9th Cir. 2003); Eleventh Circuit Pattern Jury Instructions-Civil 1.7.1 (2005).

[6] An enterprise is engaged in commerce or in the production of goods for commerce if the enterprise (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A).  Although the definition has two requirements (the interstate commerce requirement and the annual gross value requirement), virtually every business meeting the annual gross value requirement is covered.  See Dunlop v. Indust. America Corp., 516 F.2d 498, 501-502 (5th Cir. 1975) (dicta); Archie v. Grand Cent. P'ship, Inc., 997 F. Supp. 504, 530 (S.D.N.Y. 1998); Radulescu v. Moldowan, 845 F. Supp. 1260, 1264 (D. Ill. 1994); but see Scott v. K.W. Max Invs., Inc., No. 07-10649, 2007 WL 2850926, 3 (11th Cir. Oct. 2, 2007) (unpublished).  Nor does enterprise coverage exclude a "local" business if the business meets the annual gross value requirement and employs workers who handle goods or materials that have moved or been produced in interstate commerce.  See Archie, 997 F. Supp. at 530 ("Since 1974, courts facing the issue . . . have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise

(continued...)

amount of business a defendant does." Farrell v. Pike, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004).

> That information will most often be in the hands of the defendant. For this reason, an allegation of "enterprise" coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees. In most cases, that would only involve gross speculation and not provide the defendant with meaningful information because the defendant already has . . . such information. Therefore, bare bones allegations are acceptable for "enterprise" coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial." 342 F. Supp. 2d at 439.

However, the plaintiff's complaint fails to include even a bare-bones allegation of enterprise coverage. Instead, the complaint alleges generally (Doc. 1 ¶ 5) that the defendants are subject to the requirements of the FLSA. Accordingly, the defendants' motion to dismiss (Doc. 10) is **GRANTED**. Count one of the complaint is **DISMISSED WITHOUT PREJUDICE**. The plaintiff may amend on or before **March 31, 2008.**

ORDERED in Tampa, Florida, on March 24, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[6](...continued)
employs workers who handle goods or materials that have moved or been produced in interstate commerce.") (collecting cases). The defendants' contention that the FLSA is not intended to reach any local business activities–a contention the defendants support with cases preceding the 1974 amendment, see Pub. L. No. 93-259 (1974), 88 Stat. 55, and for the most part with cases preceding the 1961 amendments, see Pub. L. No. 87-30 (1961), 75 Stat. 65, which first expanded the FLSA's scope to include enterprise coverage–is therefore mistaken.